# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **MARY BOATRIGHT** | * | **CIVIL ACTION NO. 05-0545** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Mary Boatright, born March 12, 1955, filed applications for disability insurance benefits and supplemental security income on June 10, 2003, alleging disability as of February 4, 2003, due to residuals from a stroke.

## FINDINGS AND CONCLUSIONS

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), I find that there is not substantial evidence in the record to support the Commissioner's finding that the claimant was not disabled and that this case should be remanded for further proceedings.

In fulfillment of F.R.Civ.P. 52, I find that this case should be remanded for further proceedings, based on the following:

**(1) Records from Abbeville General Hospital dated November 6 to 30, 1990**. Claimant was admitted with an acute episode of an ischemic infarct to the brain. (Tr. 119). She was aphasic with right facial paralysis, drooping of the right corner of her mouth, total paralysis of the right arm, and inability to flex the right leg. (Tr. 116). She had been involved in an automobile accident on November 6, 1990, in which she had sustained a loss of consciousness and multiple scalp and facial lacerations. (Tr. 112, 120).

During her hospital course, claimant improved and her aphasia got better. (Tr. 119). She was able to talk and able to move her right leg and arm. The diagnosis was cerebrovascular accident, probably secondary to the traumatic event. (Tr. 118).

**(2) Records from Iberia Comprehensive/Gardiner Community Health Center dated February 19, 2003 to May 23, 2003**. On February 19, 2003, claimant was admitted for right leg pain. (Tr. 124). The assessment was right anterior thigh pain/strain. She was treated with medications.

On March 21, 2003, claimant was treated for fatigue, anemia, and vertigo spells. (Tr. 122). She was also seen for dizziness and fatigue on May 23, 2003. (Tr. 121).

### **(3) Consultative Examination by Dr. Robert Wood dated August 9, 2003**.

Claimant complained of residual right-sided weakness in the arm and leg with some numbness and tingling after having a stroke 14 years prior. (Tr. 125). She reported that she had been working as a cashier until February. She denied being able to do any household chores, yard work, or driving. She said that she was able to dress and feed herself; stand approximately 10 minutes at a time, and one hour out of an 8-hour time period; walk on level ground for approximately one-half block; sit continuously for 30 minutes, and lift approximately 4 pounds.

On examination, claimant had a very minimal facial droop on the right, and held her right hand with fingers in extension the majority of the time. She ambulated with slight difficulty only. She tended to drag her right leg. She had some difficulty getting off and on the table, and lifting the right leg. Additionally, she had problems rising up and out of the chair, and had to use arm strength to get up and out of the seated position.

Claimant was able to manipulate and write with a pencil in the right hand. She had only minimal difficulty with buttoning and unbuttoning and zipping things. She had no cyanosis, clubbing or edema of the extremities.

Strength was 4/5 in the right upper extremity, deltoid, biceps, triceps, grip, finger abduction, hips, and knees. Claimant did not have any tremor. Cranial nerves

were intact, except for some decreased sensation to light touch on the right side of her face. Deep tendon reflexes were brisk in the extremities, and appeared to be increased on the right in knee jerk and biceps.

Claimant could not walk on her heels, squat, walk tandem gait, or walk on her toes. She had normal range of motion in the shoulder, elbow, wrist, hip, knee, and ankle.

Dr. Wood's impression was status-post cerebrovascular accident with right-sided residual weakness. He noted that claimant's gait was somewhat abnormal with dragging of the right leg. She did not require any assistive device, and did not have any decreased range of motion.

**(4) Residual Functional Capacity ("RFC") Assessment – Physical dated September 2, 2003**. The medical consultant determined that claimant could lift/carry 10 pounds occasionally and less than 10 pounds frequently. (Tr. 129). She could stand/walk at least 2 hours in an 8-hour workday. She could sit for about 6 hours in an 8-hour workday. She could frequently perform all postural activities, except that she could never climb ladders/ropes/scaffolds. (Tr. 130). She was to avoid all exposure to hazards, such as machinery and heights. (Tr. 132).

**(5) Records from Cullman Regional Medical Center dated October 6, 2000 to November 2, 2000**.[1]  On October 6, 2000, claimant was seen for a laceration to the left arm after a motor vehicle accident.  (Tr. 145).  Chest and cervical spine x-rays were within normal limits.  (Tr. 151).  An MRI of the brain showed a prominent old infarction involving the posterior left frontal lob with two small old infarcts involving the right frontal lobe.  (Tr. 152).  Otherwise, the brain was generally well-maintained, with no findings of acute ischemic disease.

On November 2, 2000, claimant was seen for acute back pain and a urinary tract infection.  (Tr. 138-39, 143).  She was prescribed Cipro and Lortab, and was released to return to work on November 3, 2000.  (Tr. 143).

**(6) Report from Dr. Ronald M. Lahasky dated January 4, 2005**.  Claimant complained of pain and swelling in her right knee for about one month, and inability to use her right arm and hand with intermittent upper arm pain since a stroke in 1990.  (Tr. 171).  On examination, claimant had decreased range of motion in her right arm and knee and right hemiparesis.  She was prescribed Feldene.

**(7) Claimant's Administrative Hearing Testimony**.  At the hearing on August 23, 2004, claimant testified that she had stopped working two years prior on February 4 as a truck stop cashier.  (Tr. 174-75).  She stated that she was let go

---

[1]Some of these records are illegible.

because she was unable to write anymore. (Tr. 175). She reported that she had applied for unemployment benefits, and had received $67.00 per week. She stated that she was no longer receiving benefits.

Claimant testified that she had not been looking for work, because she was unable to walk and write. (Tr. 177). She stated that her condition had become worse since she had stopped working. She reported that she was taking Codeine and one other prescription pain medication, which she took once or twice a week. (Tr. 178).

Regarding complaints, claimant testified that her right hand did not work anymore. She also complained that her leg dragged when she tried to walk, and that she was scared that she was going to trip and fall while walking or bathing. (Tr. 178, 182-84). Additionally, she reported that she could no longer drive. (Tr. 179).

As to activities, claimant reported that she did not do any yard work. She stated that she could do some cooking with her left arm, but it became tired after awhile. She said that she relaxed and watched television most of the day. (Tr. 181). She testified that she attended church every Sunday, but could not kneel for more than three minutes. (Tr. 182).

As to limitations, claimant stated that she could not write or pick up anything with her right hand. (Tr. 180). She reported that she used her left hand to eat, brush her teeth, and comb her hair. She testified that she could walk about 30 to 40 steps

before becoming short of breath. (Tr. 181). She said that she could stand for 5 to 10 minutes before her knee and right leg became weak. (Tr. 182).

**(8) The ALJ's Findings**. Claimant argues that: (1) the ALJ erred in finding that she could do the full range of sedentary work, and (2) the ALJ erred in failing to have a vocational expert at the hearing. Because I find that the ALJ erred in failing to assess claimant's non-exertional limitations relating to the dexterity of her right hand, I recommend that this matter be **REMANDED** for further proceedings.

As to the first argument, claimant asserts that the ALJ erred in finding that she could perform the full range of sedentary work. (rec. doc. 7, p. 3). While the ALJ acknowledged that claimant had had a stroke and still had residuals, he found that she had the residual functional capacity to perform substantially all of the full range of sedentary work. (Tr. 19, 21). However, he did not consider how the residuals to her right hand might have affected the job base for sedentary work.

Social Security Ruling 96-9p provides, in pertinent part, as follows:

Manipulative limitations: Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
*Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base.* For example, example 1 in section 201.00(h) of appendix 2, describes an

individual who has an impairment that prevents the performance of any sedentary occupations that require bilateral manual dexterity (i.e., "limits the individual to sedentary jobs which do not require bilateral manual dexterity"). When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource.

(emphasis added).  SSR 96-9p (July 2, 1996).

Claimant correctly contends that "it cannot be argued" that she had difficulty with the use of her hands.  (rec. doc. 7, p. 6).  The record is replete with evidence confirming that physical finding.  However, the ALJ failed to consider the effects of her right hand limitations when assessing her residual functional capacity.  As indicated in SSR 96-9p, these limitations could very well have eroded the sedentary occupational base. The failure of the ALJ to consider these limitations and the potential adverse effects of the se limitations on the sedentary occupational base requires remand.

Accordingly, the undersigned recommends that this case be **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g).  This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to assess claimant's residual functional capacity in light of her right hand impairment and  develop the record by conducting an adequate hearing with a vocational expert, if necessary.

Inasmuch as the remand recommended herein falls under sentence four of Section 405(g), any judgment entered in connection herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA). See, *Richard v. Sullivan*, 955 F.2d 354 (5th Cir. 1992) and *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 10th day of February, 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **MARY BOATRIGHT** | * | **CIVIL ACTION NO. 05-0545** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## JUDGMENT

This matter was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation. No objections have been filed. The Court concludes that the Report and Recommendation of the magistrate judge is correct and therefore adopts the conclusions set forth therein.

Accordingly, **IT IS ORDERED, ADJUDGED AND DECREED** that the Commissioner's previous administrative decision is **REVERSED** and this action is **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g).[2] This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to assess

---

[2]A fourth sentence remand constitutes a "final judgment" that triggers the filing period for an EAJA fee application. *Shalala v. Schaeffer*, 509 U.S. 292, 113 S.Ct. 2625, 2631 (1993); *Freeman v. Shalala*, 2 F.3d 552 (5th Cir. 1993).

claimant's residual functional capacity in light of her right hand impairment and develop the record by conducting an adequate hearing with a vocational expert, if necessary.

Lafayette, Louisiana, this ___ day of _____, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **MARY BOATRIGHT** | * | **CIVIL ACTION NO. 05-0545** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## JUDGMENT

This matter was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation. After an independent review of the record, including the objections filed herein, this Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions therein as its own.

Accordingly, **IT IS ORDERED, ADJUDGED AND DECREED** that the Commissioner's previous administrative decision is **REVERSED** and this action is **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g).[3] This includes, but does not limit, sending the

---

[3]A fourth sentence remand constitutes a "final judgment" that triggers the filing period for an EAJA fee application. *Shalala v. Schaeffer*, 509 U.S. 292, 113 S.Ct. 2625, 2631 (1993); *Freeman v. Shalala*, 2 F.3d 552 (5th Cir. 1993).

case to the hearing level with instructions to the Administrative Law Judge to assess claimant's residual functional capacity in light of her right hand impairment and develop the record by conducting an adequate hearing with a vocational expert, if necessary.

Lafayette, Louisiana, this ___ day of _____, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE